UNITED STATES DISTRICT COURT
CONNECITCUT

BERNARD T. KENNEDY, III

     Plaintiff,

V.                                      CIVIL ACTION NO

PROTOCOL RECOVERY SERVICES, INC.

Defendant.                           AUGUST 6, 2012

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; and regulations issued thereunder; and the Connecticut Unfair Trade Practices ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Branford, CT.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA and has a principal place of business located at 509 Mercer Avenue, Panama City, FL 32401.

6. Defendant communicated with plaintiff by letter dated May 4, 2012 in connection with collection efforts with regard to plaintiff's disputed Bank of America account. *See exhibit*

7. Defendant stated in their initial collection letter, that "unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid."

8. Plaintiff called the Defendant on August 6, 2012 to orally dispute this debt and advise the Defendant that they should no longer assume this debt is valid.

9. Plaintiff spoke to a collection agent who identified himself as Randy Miller. .

10. Plaintiff spoke to the Defendant for five (5) minutes.

11. Plaintiff advised the Defendant that his current address is in Branford, CT and that he already paid this debt in full.

12. Defendant despite notice that the debt was paid in full still attempted to collect the debt.

13. Defendant though their collection agent advised the Plaintiff that Galaxy Asset Management owed the debt and he needed to dispute the debt in writing with Galaxy, which statement is false, deceptive and misleading and in violation of §1692e and g.

14. Defendant's initial collection letter stated that Plaintiff's account was purchased by Worldwide Asset Purchasing II, LLC.

15. Plaintiff advised the collection agent that his statement was a lie and that he knew who purchased the account and that it was not purchased by Galaxy Asset Management but according to Defendant's collection letter it was purchased by Worldwide Asset Purchasing II, LLC.

16. Defendant did not advise the Plaintiff that the phone call was being recorded, until the end of the 5 minute collection call and only after, Plaintiff pointed out that Defendant was lying about who owned the debt.

17. Defendant did not advise the Plaintiff of the required notice provided pursuant to the FDCPA §1692e (11), until after the collection attempt and illegally recording the telephone call, until Plaintiff pointed out that Defendant was lying about who owned the debt.

18. Once Defendant advised the Plaintiff that the call was being recorded 4 and half minutes into the 5 minute call Plaintiff advised the Defendant that he did not consent to being recorded and terminated the phone call.

19. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f and g.

## SECOND COUNT

20. The allegations of the First Count are repeated and realleged as if fully set forth herein.

21. Within three years prior to the date of this action, Defendant has committed unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. 42-110a et seq, including but not limited to violating, eves-dropping statutes and making false, deceptive and misleading statements in violation of §1692e.

More specifically, Defendant violated C.G.S.A. Sec. 52-570d.

Action for illegal recording of private telephonic communications.

(a) No person shall use any instrument, device or equipment to record an oral private telephonic communication unless the use of such instrument, device or equipment (1) is preceded by consent of all parties to the communication and such prior consent either is obtained in writing or is part of, and obtained at the start of, the recording, or (2) is preceded by verbal notification which is recorded at the beginning and is part of the communication by the recording party, or (3) is accompanied by an automatic tone warning device which automatically produces a distinct signal that is repeated at intervals of approximately fifteen seconds during the communication while such instrument, device or equipment is in use.
(c) Any person aggrieved by a violation of subsection (a) of this section may bring a civil action in the Superior Court to recover damages, together with costs and a reasonable attorney's fee.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA.

2. Award Plaintiff statutory damages pursuant to CUTPA

3. Award Plaintiff costs of suit and a reasonable attorney's fee.

4. Award such other and further relief as this Court may see fit.

THE PLAINTIFF

BY /S/Michael W. Kennedy
Michael W. Kennedy, Esquire
The Kennedy Law Firm
1204 Main Street, Suite 176
Branford, CT 06405
Ph   (203) 481-4040
Fax (443) 440-6372
Fed. Bar # CT19664
mwk550@yahoo.com

**Protocol**
509 Mercer Ave
Panama City FL 32401

May 4, 2012

| Client: | Worldwide Asset Purchasing II, LLC |
|---|---|
| Original Creditor: | Bank Of America, Na, USA |
| Client#: | 4888940071405704 |
| PRS#: | 6003919072 |
| Balance: | $1,106.55 |
| Amount Enclosed: | $ |

Telephone: 866-705-9580

BERNARD KENNEDY
1315 Whitney Lake Rd
Blackshear, GA 31516-4476

Protocol Recovery Service, Inc.
509 Mercer Ave
Panama City, FL 32401-2631

PLAINTIFF'S EXHIBIT
1

656

***Please Return Upper Portion with Payment***

## You Have Options

Dear BERNARD KENNEDY:

Your delinquent Bank Of America, Na, USA account has been purchased by our client Worldwide Asset Purchasing II, LLC, and placed with our agency for collection.

We appreciate the fact that you may be struggling to meet your financial obligations and feel uncomfortable calling to discuss this situation. We want to help you and have listed some of the discount options available to you at this time:



| | Payment Options | Payment Terms |
|---|---|---|
| BIGGEST SAVINGS! | Option 1 | 1 payment of $497.95 |
| | Option 2 | 2 Monthly Payments of $304.30 |
| | Option 3 | 3 Monthly Payments of $239.75 |
| | Option 4 | 10 Monthly Payments of $82.99 |

If you prefer, you may access your account and make payments on our safe and secure payment site at **WWW.PAYPRS.US.COM.** Your Username is 6003919072 and the Password is the last four digits of your Social Security Number. This site is available 24 hours a day, 7 days a week.

Remember, you can also call us to request a special arrangement that fits your budget! We are available between 8:00AM and 8:00PM. Call (877) 678-0567.

**Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained shall be used for that purpose.

We look forward to helping you!
Protocol Recovery Service, Inc.